## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**TERRI E. BAKER, as next friend of S.B., minor; and HERITAGE HOUSE,**

      **Plaintiffs,**

      **v.**

**MARK BURGHART,**

      **Defendant.**

**Case No. 5:23-CV-4110-JAR-GEB**

### MEMORANDUM AND ORDER

Plaintiffs Terri E. Baker, as next friend of S.B., minor, and Heritage House, bring this action under 42 U.S.C. § 1983 against Defendant Mark Burghart, in his official capacity as the Secretary of the Kansas Department of Revenue ("KDOR").[1]  Plaintiffs assert that KDOR improperly denied their application for a sales tax exemption, and challenge the constitutionality of the exemption itself.  This matter is before the Court on Defendant's Motion to Dismiss (Doc. 31) for lack of subject matter jurisdiction and failure to state a claim.  The motion has been fully briefed, and the Court is prepared to rule.  As described in further detail below, the Court grants the motion and dismisses this action for lack of subject matter jurisdiction.

### I.  Legal Standard

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"[2]  Federal district courts have original jurisdiction of all civil actions which arise under the constitution, laws, or treaties of the United States, and actions

---

[1] The Court will refer to Defendant as either KDOR or Defendant, as Burghart is sued in his official capacity.

[2] *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

in which there is diversity of citizenship.[3]  "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[4]  The burden of establishing a federal court's subject matter jurisdiction falls upon the party invoking jurisdiction.[5]

A motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) takes one of two forms: a facial attack or a factual attack.[6]  A "facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint."[7]  When the attack on subject matter jurisdiction is facial, as in this case, "a district court must accept the allegations in the complaint as true."[8]

## II.    Background

The following facts are drawn from Plaintiff's Amended Complaint.[9]  For the purposes of this Order, the Court assumes these facts to be true.

Plaintiff Baker is the mother of S.B., a minor child.  Plaintiff Heritage House is a non-accredited, private home school, and S.B. is enrolled at Heritage House for both education and religious instruction.  In 2023, Heritage House submitted an application to KDOR, seeking an

---

[3] 28 U.S.C. § 1331 (federal question); § 1332 (diversity of citizenship).

[4] *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citing *Bradbury v. Dennis*, 310 F.2d 73, 74 (10th Cir. 1962)).

[5] *Id.* (citing *Becker v. Angle*, 165 F.2d 140 (10th Cir. 1947)).

[6] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995), *abrogated in part on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425 (2001).

[7] *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

[8] *Id.*; *see also Gosselin v. Kaufman*, 656 F. App'x 916, 918 (10th Cir. 2016) (cautioning that, in reviewing a facial attack on federal subject matter jurisdiction, a district court need only take "well-pleaded factual allegations in the complaint to be true." (citation omitted)).

[9] Doc. 13.

exemption from Kansas sales tax under K.S.A. § 79-3606(c).  Section 79-3606(c) provides, in

relevant part, that the following sales may be exempt from sales tax:

> (c) all sales of tangible personal property or services, including the
> renting and leasing of tangible personal property, purchased
> directly by a public or private elementary or secondary school or
> public or private nonprofit educational institution and used
> primarily by such school or institution for nonsectarian programs
> and activities provided or sponsored by such school or institution
> in the erection, repair or enlargement of buildings to be used for
> such purposes.[10]

KDOR interprets § 79-3606(c) to exclude two types of schools from the sales tax exemption:

home schools and for-profit schools.[11]  On August 31, 2023, KDOR denied Heritage House's

application under § 79-3606(c).

## III.    Discussion

Plaintiffs assert that Defendant denied Heritage House's application for a tax exemption

because it is a religious school, in violation of the First and Fourteenth Amendments.  Plaintiffs

also challenge the facial constitutionality of § 79-3606(c)'s use provision by asserting that it

targets religious schools for disparate treatment.  Plaintiffs seek the following relief: (1) an

injunction prohibiting Defendant from enforcing the use provision; (2) an injunction prohibiting

Defendant from interpreting § 79-3606(c) to exclude home schools from the exemption; (3)

declaratory relief consistent with the requested injunctive relief; and (4) damages.

Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter

jurisdiction on several grounds: (1) the action is barred by the Tax Injunction Act ("TIA")[12]; (2)

lack of standing; and (3) failure to exhaust administrative remedies.  Defendant further argues

---

[10] K.S.A. § 79-3606(c); Doc. 13 ¶ 16.  This statute was amended by 2024 Kan. Sess. Laws Ch. 93 (H.B. 2465), but subsection (c) was not altered.

[11] *See* Doc. 13 ¶ 52.

[12] 28 U.S.C. § 1341.

that even if the Court has subject matter jurisdiction over this action, it should dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  As described in detail below, the Court finds that it does not have subject matter jurisdiction over Plaintiffs' claims because this action is barred by the Tax Injunction Act and under the comity doctrine; therefore, the Court need not consider Defendant's other arguments under Rule 12(b)(1), or whether Plaintiffs have stated a claim under Rule 12(b)(6).

### A.    Tax Injunction Act

The TIA provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."[13]  The Supreme Court identified "the principal purpose of the Tax Injunction Act" as "to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes."[14]  The Supreme Court's case law interpreting the TIA "reflects . . . the historical reluctance of the federal courts to interfere with the operation of state tax systems if the taxpayer had available an adequate remedy in the state courts."[15]  Thus, even for "suits challenging the constitutionality of state tax laws," the Court counseled against federal jurisdiction for prudential reasons, noting that "[s]uch restraint was particularly appropriate because of the delicate balance between the federal authority and state governments, and the concomitant respect that should be accorded state tax laws in federal court."[16]  The Supreme Court has interpreted the TIA to prohibit district courts from issuing not

---

[13] *Id.*

[14] *California v. Grace Brethren Church*, 457 U.S. 393, 408–09 (1982) (quoting *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 522 (1981)).

[15] *Id.* at 412.

[16] *Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 108 (1981).

only injunctive relief, but also declaratory relief or damages for cases that fall within the ambit of the TIA.[17]

In *Fair Assessment in Real Estate Association, Inc. v. McNary*,[18] the Supreme Court confronted head-on the "two divergent lines of authority respecting access to federal courts for adjudication of the constitutionality of state laws"[19]—the TIA and 42 U.S.C. § 1983.  The Court balanced the TIA, "with its antecedent basis in the comity principle," with its § 1983 precedent, which provided that "comity does not apply where § 1983 is involved."[20]  The Court concluded that,

> despite the ready access to federal courts provided by [§ 1983], we hold that taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts.  Such taxpayers must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete, and may ultimately seek review of the state decisions in this Court.[21]

The Court's comity concerns were "exacerbated" by the fact that there is no requirement to exhaust § 1983 claims, meaning that "[t]axpayers such as [the] petitioners would be able to invoke federal judgments without first permitting the State to rectify any alleged impropriety."[22]

"To determine whether the TIA requires dismissal for lack of subject matter jurisdiction, federal courts must first determine whether the plaintiff seeks to 'enjoin, suspend or restrain the

---

[17] *See Grace Brethren Church*, 457 U.S. at 408.

[18] 454 U.S. 100 (1981).

[19] *Id.* at 105.

[20] *Id.*

[21] *Id.* at 116.

[22] *Id.* at 114.

assessment, levy or collection' of any state tax."[23]  If so, "the court must determine whether the state's courts provide a 'plain, speedy and efficient' remedy."[24]

1.      Whether Plaintiffs Seek to Enjoin, Suspend, or Restrain Collection of State Tax

Defendant asserts that the TIA mandates dismissal of this action because Plaintiffs seek to restrain the collection of state taxes by asking the Court to broaden a state tax exemption. Plaintiffs argue that this suit does not involve the assessment, levy, or collection of a state tax, and that, therefore, the TIA is not a jurisdictional bar.  The Court agrees with Defendant.

The Supreme Court defines "collection" under the TIA as "the act of obtaining payment of taxes due."[25]  At bottom, Plaintiffs seek to restrain the collection of State taxes.  The action that precipitated this suit was the State's decision that Heritage House was not entitled to a tax exemption.  Plaintiffs now seek a court order that would have the practical result of allowing Heritage House, along with an immeasurable score of others, to claim this tax exemption.[26] Plainly, Plaintiffs seek to reduce their tax liability and that of other religious home schools. Though Plaintiffs assert federal constitutional arguments for why this Court should strike the use restriction, and home school exception, to § 79-3606(c), such relief would broaden the tax exemption and "lower the amount of tax revenue that [Kansas] could collect."[27]  Thus, this suit

---

[23] *Landowners United Advoc. Found., Inc. v. Cordova*, 822 F. App'x 797, 800 (10th Cir. 2020) (quoting *Hibbs v. Winn*, 542 U.S. 88, 99 (2004)).

[24] *Id.* (quoting *Hill v. Kemp*, 478 F.3d 1236, 1246 (10th Cir. 2007)).

[25] *Direct Mktg. Ass'n v. Brohl*, 575 U.S. 1, 10 (2015).

[26] *See McNary*, 454 U.S. at 116 (declining to exercise jurisdiction over damages claims because the "petitioner's action would 'in every practical sense operate to suspend collection of the state taxes,'" which would constitute the same "form of federal-court interference previously rejected . . . on principles of federalism." (quoting *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 299 (1943))).

[27] *Cordova*, 822 F. App'x at 800.

"falls in the traditional heartland of TIA cases" because it is "an effort expressly aimed at preventing the State from exercising its sovereign power to collect certain revenues."[28]

### 2.     Whether There is an Adequate State Law Remedy

Since this action falls under the TIA, the next step is to determine whether there is an adequate remedy available at state law to address Plaintiffs' claims; if so, the TIA will divest the Court of jurisdiction.  "The state court remedy need only meet 'certain minimal procedural criteria.'"[29]  States satisfy this narrow exception to the TIA's jurisdictional bar if they "provide[] the taxpayer with a 'full hearing and judicial determination' at which [the taxpayer] may raise any and all constitutional objections to the tax."[30]  Defendant asserts that adequate state remedies exist, including the appeal procedure under the tax code, as well as litigation in state court. Plaintiffs do not dispute the adequacy of state remedies under the TIA, but generally argue in their briefs that KDOR could not provide them with complete relief.

The Court finds that adequate remedies exist under Kansas law, and therefore, the TIA prohibits the Court from exercising jurisdiction.  This Court has previously found that "the tax refund and protest procedures under Kansas law constitute a plain, speedy and efficient remedy."[31]  Here, Plaintiffs could have filed a petition with KDOR to challenge KDOR's denial of the tax exemption.  If KDOR denied this petition, Plaintiffs could have followed the typical tax refund and protest procedures under Kansas law by filing an appeal with the Kansas Board of

---

[28] *Hill*, 478 F.3d at 1250; *see also California v. Grace Brethren Church*, 457 U.S. 393, 416–17 (1982) (explaining that "[c]arving out a special exception for taxpayers raising First Amendment claims would undermine significantly Congress' primary purpose" in passing the TIA, which was to "limit drastically" the jurisdiction of federal courts over state taxes) (quoting *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 522 (1981)).

[29] *Cordova*, 822 F. App'x at 801 (quoting *Grace Brethren Church*, 457 U.S. at 411).

[30] *Id.* (quoting *Grace Brethren Church*, 457 U.S. at 411).

[31] *Alvey v. Bey*, No. 19-2059-KVH, 2019 WL 3716363, at *2 n.2 (D. Kan. Aug. 7, 2019) (citation omitted); *see also Oyler v. Finney*, 870 F. Supp. 1018, 1021–22 (D. Kan. 1994).

Tax Appeals.[32]  Then, "[i]f relief is denied by the Board of Tax Appeals, the taxpayer can file a petition for judicial review."[33]  Perhaps most relevant here, Plaintiffs could have simply filed this § 1983 action in Kansas state court, with "final review of substantive federal constitutional claims in the United States Supreme Court."[34]  Based on these procedures, the Court finds that there is a "plain, speedy and efficient"[35] remedy in Kansas state court for Plaintiffs' claims. Thus, the TIA deprives the Court of jurisdiction over this suit.

The Court therefore grants Defendant's motion and dismisses Plaintiffs' claims for lack of subject matter jurisdiction under the TIA.

### B.      Comity

Although not raised by Defendant in the motion to dismiss, the Court finds that the comity doctrine, which is "more embracive than the TIA,"[36] also supports dismissing this action for lack of subject matter jurisdiction.[37]  "The Supreme Court has held that both the TIA and the comity doctrine bar federal jurisdiction over constitutional challenges to the administration of state tax laws."[38]  The Supreme Court "has long recognized the dangers inherent in disrupting the administration of state tax systems,"[39] long ago explaining that

---

[32] *See Oyler*, 870 F. Supp. at 1021 (citing K.S.A. § 74-2438(a)); *see also* K.S.A. § 74-2438(a) ("An appeal may be taken to the state board of tax appeals from any finding, ruling, order, decision, final determination or other final action, including action relating to abatement or reduction of penalty and interest, on any case of the secretary of revenue or the secretary's designee by any person aggrieved thereby.").

[33] *Oyler*, 870 F. Supp. at 1021 (citing K.S.A. §§ 74-2426(c), 77-613).

[34] *Id.* (citation omitted).

[35] 28 U.S.C. § 1341.

[36] *Levin v. Com. Energy, Inc.*, 560 U.S. 413, 417 (2010).

[37] *See* Fed. R. Civ. P. 12(h)(3) (reserving power to the federal courts to *sua sponte* dismiss a case for lack of subject matter jurisdiction "at any time"); *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citing *Bradbury v. Dennis*, 310 F.2d 73, 74 (10th Cir. 1962)).

[38] *Landowners United Advoc. Found., Inc. v. Cordova*, 822 F. App'x 797, 802 (10th Cir. 2020) (collecting cases).

[39] *California v. Grace Brethren Church*, 457 U.S. 393, 410 n.23 (1982) (citation omitted).

> [i]t is upon taxation that the several States chiefly rely to obtain the
> means to carry on their respective governments, and it is of the
> utmost importance to all of them that the modes adopted to enforce
> the taxes levied should be interfered with as little as possible.  Any
> delay in the proceedings of the officers, upon whom the duty is
> devolved of collecting the taxes, may derange the operations of
> government, and thereby cause serious detriment to the public.[40]

Here, there is no indication that Plaintiffs utilized any state remedies to rectify their claims, despite the sensitive and important state interests at issue in this case.  Namely, Plaintiffs seek to declare a state tax exemption unconstitutional, and in doing so, they seek to broaden the scope of the exemption far beyond the parameters set by the Kansas Legislature.  But Plaintiffs offer no persuasive reasoning to support exercising federal jurisdiction over such claims. Instead, the Court finds that Plaintiffs' claims would be more appropriately brought in a Kansas state court.  Thus, the comity doctrine operates as an independent jurisdictional bar to hearing Plaintiffs' claims in federal court.

The Court therefore grants Defendant's motion and dismisses Plaintiffs' claims based on both the comity doctrine, and the TIA.  Accordingly, the Court need not address the other grounds raised by Defendant in its motion to dismiss.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 31) is **granted**.  This suit is dismissed without prejudice for lack of subject matter jurisdiction.  The Clerk is directed to prepare a judgment in favor of Defendant and terminate this action.

**IT IS SO ORDERED.**

Dated: May 30, 2024

---

[40] *Dows v. City of Chicago*, 78 U.S. 108, 110 (1870).

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE